William H. Ingaldson
Peter A. Sandberg
Ingaldson Fitzgerald, P.C.
813 West 3rd Avenue
Anchorage, AK 99501
Telephone (907) 258-8750
Email bill@impc-law.com
Email peter@impc-law.com
Email Colleen@impc-law.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| PATRICIA HUHTA, )<br>REESE HUHTA, )<br>                  Plaintiffs, )<br>)<br>v. )<br>ALASKA NATIVE MEDICAL )<br>CENTER and NORTON SOUND )<br>HEALTH CORPORATION, )<br>)<br>                  Defendants. )<br>_____ ) | Case No. 3:23-cv-_____ |

## **COMPLAINT FOR DAMAGES**

COMES NOW plaintiffs Patricia Huhta and Reese Huhta, through counsel Ingaldson Fitzgerald, P.C., and for their Complaint against defendants Alaska Native Medical Center ("ANMC") and Norton Sound Health Corporation ("NSHC"), state and allege as follows:

## JURISDICTION

1. This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Part VI, Chapter 171, §§ 2671-2680 ("FTCA"), and the Fourth and Fifth Amendments to the United States Constitution, 28 U.S.C. § 1331 and 1346(b). Jurisdiction over the parties is also founded in Public Law 101-512, Title III, section 314; formerly 25 U.S. Code, Chapter 14, Subchapter II, Part A, § 450f.

2. On June 30, 2022, Plaintiffs submitted Administrative Claims (Standard Form 95) for the claims set forth below to the U.S. Department of Health and Human Services ("DHHS"), Indian Health Service ("HIS"), and to the U.S. Department of Justice ("DOJ").

3. In a letter dated August 1, 2022, the DHHS acknowledged receipt of Plaintiffs' claims on July 5, 2022, by letter wherein the DHHS also requested additional information and documentation ("substantiating evidence") of the claims. On August 19, 2022, Plaintiffs submitted their written response to DHHS's August 1, 2022 letter, with the additional substantiating evidence requested by the DHHS.

4. On September 14, 2022, Plaintiff Patricia Huhta submitted her amended Administrative Claim (Standard Form 95) to the DHHS, the IHS, and the DOJ. The amended form was required to conform her claim to some of the substantiating evidence that Patricia Huhta discovered after submission of her original Standard Form 95.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Huhta v. Alaska Native Medical Center and Norton Sound Health Corporation*
3:23-cv-_____
COMPLAINT FOR DAMAGES

5. In a letter dated September 19, 2022, the DOJ acknowledged receipt of Plaintiffs' amended claims submitted on September 14, 2022, and instructed them to direct all further communications to the DHHS.

6. Through the submission of the claim and requested substantiating evidence, Plaintiffs requested a decision on their claims from the DHHS.

7. By their submissions to the DHHS, the IHS, and the DOJ referenced above, Plaintiffs have substantially complied with all requirements for bringing a claim under the FTCA and with the DHHS's request for substantiating evidence, and required by law.

8. More than six months have passed since Plaintiffs submitted their amended Administrative Claims (Standard Form 95). DHSS has not responded with an offer at any point. All conditions precedent under the FTCA for bringing this lawsuit have been reasonably met.

## PARTIES

9. Plaintiff Patricia Huhta is an Alaska resident and at all relevant times was a resident of Unalakleet, Alaska.

10. Plaintiff Reese Huhta is the husband of plaintiff Patricia Huhta, is an Alaska resident, and at all relevant times was a resident of Unalakleet, Alaska.

11. Defendant ANMC is an Indian Health Services corporation authorized to do business in Alaska. ANMC operates as a medical center in Anchorage, Alaska, employs healthcare providers, and provides surgical facilities and services.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Huhta v. Alaska Native Medical Center and Norton Sound Health Corporation*
3:23-cv-_____
COMPLAINT FOR DAMAGES

12. Defendant NSHC is an Indian Health Services corporation authorized to do business in Alaska. NSHC operates a medical center in Unalakleet, Alaska, employs healthcare providers, and provides in-office surgical facilities and services.

13. This Court has jurisdiction to hear this matter as fully alleged above. Venue is proper.

## GENERAL ALLEGATIONS

14. On or about August 10, 2020, Patricia Huhta was seen at the NSHC clinic in Unalakleet. She complained of chronic diarrhea, blood in her stool, and a sensation that she was not emptying her bowel completely. These are the classic, most common, symptoms of colorectal cancer in females. In spite of this, the NSHC clinic did not even perform a digital exam. Patricia Huhta had follow-up consultations at the NSHC clinic in Unalakleet during the fall of 2020 for continuing colorectal complaints, including chronic diarrhea and constipation. Again, no digital exam was performed.

15. On November 10, 2020, Patricia Huhta had a Telemedicine consultation with Dr. Vindigni of ANMC. She was continuing to experience the symptoms of flank pain, diarrhea, and the sensation that her bowel was not completely emptying. Patrica Huhta requested a colonoscopy. Despite Patricia Huhta's history of complaints to NSHC and her symptoms and complaints as reported to him, Dr. Vindigni did not refer her for a colonoscopy. Instead, he recommended treatment through over-the-counter-strength Miralax.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Huhta v. Alaska Native Medical Center and Norton Sound Health Corporation*
3:23-cv-_____
COMPLAINT FOR DAMAGES

16. On January 21, 2021, Patricia Huhta again was seen at the NSHC clinic in Unalakleet, with complaints of chronic constipation, a constant feeling of the need to empty her bowels, bloating, excessive intestinal gas, discomfort on the left side of her rectum, and a constant ache in her rectum. NSHC again failed to administer a digital exam. Patricia Huhta again requested a referral for a colonoscopy, but her treating health care provider denied that request.

17. In February 2021, after her symptoms had not improved, Patricia Huhta elected to seek treatment from private medical providers rather than continuing treatment through ANMC and NSHC. On February 22, 2021, Patricia Huhta was scheduled to undergo a colonoscopy at the Alaska Surgery Center in Anchorage, Alaska, performed by Dr. Michele Rudolph. The colonoscopy proved impossible because of the large, cancerous mass that was present. Dr. Rudolph's digital rectal exam disclosed a rectal mass 3 to 4 centimeters from the anal verge. Dr. Rudolph obtained a biopsy of the rectal mass and sent it for analysis.

18. On February 26, 2021, after the rectal mass had been found to be malignant, Patricia Huhta underwent an MRI rectal staging exam at Imaging Associates in Anchorage, Alaska. The MRI showed a malignant neoplasm of her rectum.

19. On March 4, 2021 Patricia Huhta was seen at Katmai Oncology Group in Anchorage where she was diagnosed with Stage III- B Malignant rectal cancer. She was recommended to begin chemotherapy and began treatment immediately.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Huhta v. Alaska Native Medical Center and Norton Sound Health Corporation*
3:23-cv-_____
COMPLAINT FOR DAMAGES

20. Patricia Huhta underwent four months of chemotherapy and radiation for her rectal cancer. Despite that treatment, her physicians determined it was necessary to remove a large portion of her intestine because of the advanced stages of her rectal tumor and irreparable damage to surrounding tissue. Nevertheless, Patricia Huhta's colon cancer continued to advance, and Patricia underwent a primary colon resection in June 2022.

21. In March 2022, Patricia Huhta's treating physicians discovered that the cancer from her rectal tumor had spread into her lungs, and on March 16, 2022 she underwent a left lung thoroscopic lower lobe wedge resection with a complete lower lobe lobotomy.

22. As a result of ANMC's and NSHC's failure to diagnose and treat her rectal cancer, Patricia Huhta has suffered and will continue to suffer significant bodily injury due to what was initially a treatable cancer, which her treating physicians have informed her is reasonably likely to continue to spread throughout her body.

23. Patricia Huhta has been forced to utilize a colostomy bag as result of the above failures and will have to do so for the foreseeable future.

24. In addition, Patricia Huhta has suffered and will continue to suffer intense pain and suffering, emotional distress, and loss of enjoyment of life, and has incurred and will continue to incur lost earning and lost earning capacity, as well as significant medical treatment expenses.

*Huhta v. Alaska Native Medical Center and Norton Sound Health Corporation*
3:23-cv-_____
COMPLAINT FOR DAMAGES

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

25. As a result of ANMC's and NSHC's failure to diagnose and treat Patricia Huhta's rectal cancer, Reese Huhta has suffered and will continue to suffer emotional distress, loss of enjoyment of life, and loss of his wife's consortium, and has incurred and will continue to incur lost earning and lost earning capacity, as well as significant medical treatment expenses.

26. The employees of ANMC and NSMC who conducted the above actions were acting within the course and scope of their employment.

27. NSMC is vicariously liable for the acts or omissions of its employees, medical staff, and/or agents that were done within the scope of their employment by or official duties with NSMC.

28. ANMC is vicariously liable for the acts or omissions of its employees, medical staff, and/or agents that were done within the scope of their employment by or official duties with ANMC.

### FIRST CAUSE OF ACTION - NEGLIGENCE/RECKLESSNESS
### (NORTON SOUND HEALTH CORPORATION)

29. Plaintiffs reallege and incorporate by reference the above allegations as if fully set forth herein.

26. Defendant NSHC had a duty to plaintiffs to exercise the degree of care ordinarily necessary to ensure that acceptable standards of medical care in the medical community were followed in the treatment of Patricia Huhta.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Huhta v. Alaska Native Medical Center and Norton Sound Health Corporation*
3:23-cv-_____
COMPLAINT FOR DAMAGES

27. NSHC, by and through its employees, medical staff, and/or agents, negligently and/or recklessly breached that duty by failing to properly and timely examine, diagnose, and treat Patricia Huhta's medical condition.

28. As a result of NSHC's negligence and/or recklessness, Patricia Huhta suffered damages, including past and future economic and noneconomic losses, in an amount to be established at trial.

29. As a result of NSHC's negligence and/or recklessness, Reese Huhta suffered damages, including past and future economic losses, noneconomic losses and loss of consortium, in an amount to be established at trial.

### SECOND CAUSE OF ACTION - NEGLIGENCE/RECKLESSNESS
### (ALASKA NATIVE MEDICAL CENTER)

30. Plaintiffs reallege and incorporate by reference the above allegations as if fully set forth herein.

31. Defendant ANMC had a duty to plaintiffs to exercise the degree of care ordinarily necessary to ensure that acceptable standards of medical care in the medical community were followed in the treatment of Patricia Huhta.

32. ANMC, by and through its employees, medical staff, and/or agents, negligently and/or recklessly breached that duty by failing to properly and timely examine, diagnose, and treat Patricia Huhta's medical condition.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Huhta v. Alaska Native Medical Center and Norton Sound Health Corporation*
3:23-cv-_____
COMPLAINT FOR DAMAGES

33. As a result of ANMC's negligence and/or recklessness, Patricia Huhta suffered damages, including past and future economic and noneconomic losses in an amount to be established at trial.

34. As a result of ANMC's negligence and/or recklessness, Reese Huhta suffered damages, including past and future economic losses, noneconomic losses and loss of consortium, in an amount to be established at trial.

WHEREFORE, plaintiffs pray for judgment from defendant as follows:

1. For special and general compensatory damages to be proven at trial;

2. For awards of prejudgment interest, attorney's fees, and costs; and

3. For such other relief as the court deems just and equitable.

DATED this 12th day of April, 2023, at Anchorage, Alaska.

INGALDSON FITZGERALD, P.C.
Attorney for Plaintiffs

By: /s/ William H. Ingaldson
William H. Ingaldson
Alaska Bar No.: 8406030

INGALDSON FITZGERALD, P.C.
Attorney for Plaintiffs

By: /s/ Peter A. Sandberg
Peter A. Sandberg
Alaska Bar No.: 0611084

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*Huhta v. Alaska Native Medical Center and Norton Sound Health Corporation*
3:23-cv-_____
COMPLAINT FOR DAMAGES

Page 9 of 9
Case 3:23-cv-00078-HRH   Document 1   Filed 04/12/23   Page 9 of 9